United States District Court
Southern District of Texas
**ENTERED**
October 19, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JUANETTA SOLOMON, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-3075 |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, INC.; | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**ORDER**

Pending before this Court is Defendant Experian Information Solutions, Inc.'s ("Experian") Motion for Judgment on the Pleadings (Doc. No. 14). Plaintiff Juanette Solomon ("Solomon") has not filed a response. After considering the motion and the law, the Court hereby **GRANTS-IN-PART** and **DENIES-IN-PART** Experian's Motion for Judgment on the Pleadings.

## I. Factual Background

This case concerns violations of the Fair Credit Reporting Act ("FCRA"). *Pro se* Plaintiff Juanette Solomon filed this action against Experian on July 1, 2025. Solomon alleges that on February 11, 2025, she sent Experian a written letter disputing information as inaccurate and incomplete. The letter, a copy of which Solomon attached to her complaint, appears to be a print-out of Solomon's credit report with several fields circled and identified as "incomplete." Soloman appears to allege that (1) Experian did not provide her with a complete report, as required by 15 U.S.C. § 1681g, and that (2) the report contained various inaccuracies which Experian then failed to correct, in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681e(b). Experian filed an answer and then a Rule 12(c) motion for judgment on the pleadings. Solomon has not responded to that motion.

## II. Legal Standard

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; see also Hanen L.R. 7(D). As stated above, Plaintiffs failed to respond to Defendant's motion by the Court's June 3, 2021, deadline. Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." See *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213-14 (5th Cir. 1980)). Thus, the Court will consider the merits of Defendant's motion.

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 544-545 (5th Cir. 2010). A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. Analysis

Solomon asserts claims under 15 U.S.C. § 1681i, 15 U.S.C. § 1681e(b), and 15 U.S.C. § 1681g. The Court takes each in turn.

### A. Solomon's Section 1681i claim

The Fifth Circuit has held that "inaccuracy is a threshold requirement for § 1681i claims. *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 286 (5th Cir. 2025). In other words, "without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail." *Id.* (citing *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008)). In order to meet this threshold, "the alleged inaccuracy reported by the consumer reporting agency must first be 'sufficiently objectively verifiable' to be actionable under the FCRA. *Id.* at 287 (quoting *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 270 (2d Cir. 2023)). Practically speaking, this means that "consumer reporting agencies are not required to investigate the legal validity of disputed debts under the FCRA." *Id.* at 289. This is because "credit reporting agencies are not tribunals and 'are

neither qualified nor obligated to resolve legal issues.'" *Id.* at 287 (quoting *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020)).

Solomon's complaint alleges merely that there was false and incomplete information contained in her credit report. In a document attached to her complaint, Solomon identifies several lines on her report on which she wrote "incomplete." "The Court is not bound to accept factual assumptions or legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. These allegations, without more, are not enough to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Solomon's Section 1681i claim is dismissed with prejudice.

**B. Solomon's Section 1681e(b) claim**

Section 1681(b) mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). As an initial matter, courts in the Fifth Circuit have held that this section also requires a showing of factual inaccuracy. *See, e.g., Estrada v. Experian Info. Sols., Inc.*, 670 F. Supp. 3d 412, 423 (W.D. Tex. 2013); *Holloway v. Equifax*, 2024 WL 1741814, at *2 (N.D. Tex. Mar. 25, 2024). As outlined above, Solomon's complaint does not sufficiently allege such an inaccuracy.

Additionally, The Fifth Circuit has held that Section 1681e(b) "does not impose strict liability for any inaccurate credit report, but only a duty of reasonable care in preparation of the report." *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982).

Solomon's complaint alleges only that there was false or incomplete information in her credit report in a conclusory fashion, and that Experian failed to correct it when Solomon notified Experian. It does not specifically allege what information was false or inaccurate. This, standing

alone, does not sufficiently allege that Experian failed to act reasonably in its preparation of Solomon's report. This is especially true where—as here—the complaint contains no factual information tending to show how or why the information was false or incomplete. Solomon's Section 1681e(b) claim is dismissed with prejudice.

**C. Solomon's Section 1681g claim**

Section 1681g requires a consumer reporting agency to, upon request, "clearly and accurately disclose to the consumer: (1) [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g.

Solomon has alleged that she requested a disclosure under Section 1681g and that "Experian refused to provide all the data contained within its files." (Doc. No. 1 at 4). By way of explanation, Solomon further alleges that "there are errors with missing data, even though Defendant Experian has this data." (*Id.*). Taking these allegations as true, it would appear that Experian sent Solomon a version of Solomon's file that contained fields that were missing data. At the pleading stage, this is sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Experian's motion is denied with respect to Solomon's 1681g claim.

## IV. Conclusion

For the foregoing reasons, Experian's motion for judgment on the pleadings is **GRANTED** with respect to Solomon's 15 U.S.C. § 1681i and 15 U.S.C. § 1681e(b) claims and **DENIED** with respect to Solomon's 15 U.S.C. § 1681g claim. The first two claims are dismissed with prejudice.

It is so ordered.

Signed on this the 15th day of October 2026.

Andrew S. Hanen
United States District Judge